Opinion issued July 24, 2008









 







In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00026-CV






ANTHONY JACKSON AND JAMES NUÑEZ, Appellants


V.


CITY OF TEXAS CITY AND DEBBIE LESCO, CITY CIVIL SERVICE
DIRECTOR, Appellees






On Appeal from the 212th District Court

Galveston County, Texas

Trial Court Cause No. 06CV0899






DISSENTING OPINION


 I respectfully dissent. The majority opinion deprives fire fighters of the
procedural protections given to them by the legislature under the Civil Service Act
("the Act"). See Tex. Loc. Gov't Code Ann. §§ 143.001-.363 (Vernon 2008). Fire
fighters Anthony Jackson and James Nuñez were terminated for not complying with
the Emergency Medical Technician (EMT) requirements described in their
employment agreements, and seek the right to appeal guaranteed by the Act, which
gives fire fighters the right to challenge terminations that result from discipline. See
City of Sweetwater v. Geron, 380 S.W.2d 550, 552-53 (Tex. 1964) ( "[T]he State has
pre-empted the field for removal of firemen and policemen for disciplinary reasons."). 
 The majority opinion declines to give fire fighters Jackson and Nuñez the right
to appeal their terminations because it contends they were terminated for failing to
abide by the terms of the employment contract entered through collective bargaining. 
The majority opinion is erroneous in this determination, for three reasons. 

 First, the majority opinion contends the terminations are for non-disciplinary
reasons because the discharges are for failing to abide by the terms of the employment
contract. Each of the employment contracts states, "It is understood that failure to
satisfactorily complete the EMT Basic or Paramedic training and qualify for State
Certification . . . constitute cause for disciplinary action up to and including
termination of the employee." Thus, the terms of each of the employment agreements
provide that termination for failure to abide by the EMT requirements is considered
"disciplinary action." Because the applicable employment agreements describe the
terminations as discipline, the majority opinion errs by ignoring the terms of the
agreements in its decision to call the terminations non-disciplinary actions. See Tex.
Loc. Gov't Code Ann. §§ 143.001-.363 (Vernon 2008).

 Second, the grounds for termination of Jackson and Nuñez plainly fall within
the Act, which applies to terminations for acts of incompetency or neglect of duty. 
See Tex. Loc. Gov't Code Ann. § 143.051 (Vernon 2008) ("A commission rule
prescribing cause for removal or suspension of a fire fighter or police officer is not
valid unless it involves . . . (3) acts of incompetency; [or] (4) neglect of duty . . . ."). 
The terminations of Jackson and Nuñez were for acts that fall within the categories
of incompetency or neglect of duty, in that they were incompetent by failing to meet
the required EMT requirements as those requirements were set out in the "Conditions
of Employment" or they neglected their duty to meet the required EMT requirements
as those requirements were set out in the "Conditions of Employment." Thus, the
majority opinion errs by stating that the failure to meet the EMT requirements
constitutes only a violation of the employment agreement and is not also a violation
to which the Act applies. Because the terminations of Jackson and Nuñez were for
acts properly classified as acts of incompetency or neglect of duty, the Act applies. 
See id.

 Third, the majority opinion errs in its assessment that the Act's requirements
are inapplicable because the agreements fail to mention the Act. Under the Act, the
provisions of the Act prevail over a collective bargaining agreement "unless the
collective bargaining contract specifically provides otherwise." See Tex. Loc. Gov't
Code Ann. § 174.006(a) (Vernon 2008). The collective bargaining agreements here
do not specifically provide that the Act is inapplicable. See id. Because the
agreements here fail to specifically provide that the Act does not apply, the Act
necessarily applies since its provisions "prevail over a collective bargaining
agreement." See id.

 Here, the Act applies because (1) the terminations were undisputedly
discipline; (2) the discipline was for matters of incompetence or neglect of duty; and
(3) the employment agreements fail to state that the Act is inapplicable. The majority
opinion errs by its determination that the Act is inapplicable and by refusing to give
the firefighters the procedural protections to which they are entitled under the Act. 
All that the firefighters want at this juncture is the procedural right given to them by
the legislature, which is the right to have a civil service review of their terminations. 
It is not for us or the trial court to determine whether their terminations were actually 
proper. I conclude that the trial court erred by dismissing the claims filed by Jackson
and Nuñez. I would reverse the trial court's order and remand to the trial court for
further proceedings.



 Elsa Alcala

 Justice




Panel consists of Justices Taft, Keyes, and Alcala.

 

Justice Alcala, dissenting.